DUCKWORTH *v*. TRACKLESS TRANSP. Co.*

(Division B. Nov. 16, 1925.)

[105 So. 852.   No. 25082.]

CARRIERS. *Motor vehicle private license law held not retroactive, so as to require one who had paid for whole year under prior law to pay for balance of year at increased rate.*

Acts 1924, chapter 116, effective April 30th, imposing a higher tax theretofore required for privilege license to operate bus line, not

Sept., 1925] Duckworth *v.* Trackless Transp. Co.   405

140 Miss.]                    .        Brief for Appellant.

being expressly or by implication retroactive, did not require a transportation company, which on January 1, 1924, had obtained a license for the entire year, to pay for a privilege tax at the increased rate for the balance of the year after April 30th.

---

*Headnote 1. Carriers, 10 C. J., Section 48.

Appeal from circuit court of Harrison county.

Hon. D. M. Graham, Judge.

Action by F. W. Duckworth against the Trackless Transportation Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Mize & Mize,* for appellant.

The general rule is that the state has the right to change the amount of the privilege tax and to raise it during the year and require the taxpayer to pay an additional tax. 25 Cyc., page 627 D; *State of Minn.* v. *Hovorka,* 8 L. R. A. (N. S.) 1272, and note. Therefore, we contend, that the fact that the license had been issued to the defendant for the year 1924 does not avail it anything, since chapter 116 expressly repeals the laws of 1920 and 1922 on this subject so far as they are in conflict with the act itself by section 20 thereof, and further provides that the said act should be in force from and after April 30, 1924.

The lower court held that the laws of 1924 were not applicable to the busses of the defendant that were in operation prior to the first of May, 1924, which affected all of them except bus No. 50, and that as the sheriff in good faith issued to the defendant a license to operate these busses under the old laws, and the penalty provided by section 4 of the act and that provision of Subdivision "C" of section 2 was also a penalty, that the court would impose the one hundred per cent penalty and called upon the plaintiff to elect which penalty he would insist upon, plaintiff having insisted that the one dollar per mile for each carrying capacity, for each passenger, was not a

penalty, but a part of the privilege tax itself, declined to elect, and the court thereupon imposed the one hundred per cent penalty, which we submit is error.

The company would be entitled to a proportion of the amount that they had to pay in January and also a deduction of one-third of the year for the reason that the tax did not take effect until May 1, making them liable for the three-fourths of the tax imposed. We, therefore, respectfully submit that the judgment of the lower court was erroneous and that judgment should be entered up by the court here for the correct amount under the Acts of 1916.

*Leathers & Sykes* and *J. T. Prowell,* for appellee.

The main question in this case is whether or not chapter 116, Laws of 1924, has a retroactive effect. The court below *held* that it did not, and if this court is of the same opinion, the case should be affirmed. A legislative enactment should never receive a retroactive construction unless such construction is imperative by the provisions of the act itself, or necessarily implied from the language used. It is furthermore a well-recognized rule of construction that a legislative enactment will never receive a retroactive construction where it is reasonably susceptible of any other construction. Sedgwick on Construction of Statutory and Constitutional Law, page 164; Sutherland on Statutory Construction, par. 464; Also see *Adair* v. *Mc-Falan* (Okla.), 115 Pac., 797; *Casey* v. *Bingham* (Okla.), 132 Pac. 663; *Coghlan* v. *Supreme Conclave* (N. J.), 91 At. 132; *Vanderbilt* v. *All Persons* (Cal.), 126 Pac. 1538; *U. S.* v. *Steamship Co.,* 185 Fed. 158; *U. S.* v. *R. R. Co.,* 142 Fed. 186-187; 36 Cyc. 1205; *Warner* v. *King* (Ill.), 107 N. E. 839; *People* v. *Carpenter* (Ill.), 105 N. E. 305; *Brown* v. *Wilcox,* 14 S. & M. 127; *Hooker* v. *Hooker,* 10 S. & M. 599; *Garett* v. *Beaumont,* 24 Miss. 377; *Carson* v. *Carson,* 40 Miss. 377; *Bramlett* v. *Wetlin,* 71 Miss. 902; *U. S.* v. *Burr,* 40 L. Ed. 82; 159 U. S. 77-80; *Fullerton Kruger*

*Lumber Co.* v. *Northern Pacific Ry. Co.*, 45 U. S. S. C. Rep. 145.

The result of all these decisions is that courts do not favor statutes having a retroactive operation. Statutes of this character are in such disfavor that the courts will not adopt such a construction, unless imperative by the language used or that necessarily implied.

Applying the above principles to the instant case, does the Act of 1924 clearly show that it was the intention of the legislature that it should have a retroactive effect? Our first motor tax law appears as chapter 108 of the Laws of 1912. This act was rather crude and immature. In 1914 the legislature, by chapter 120, passed an entirely new law. This law is the one which has been brought forward up to the present time, as amended. In 1920 the law was further amended by chapter 111. Excerpts from former statutes show that the legislature was very careful in every instance to designate that the tax levied was to be an annual tax and when it had once been paid it was good until the following January.

Now coming to the act in question, section 2, chapter 116, Laws of 1924, likewise declares that the tax levied is an annual privilege tax. The last sentence in section 4 provides likewise, ''That the payment of this tax in one county shall be good for the entire state until the first day of the following January.'' The effective date of this statute is April 30, 1924. In other words, with the exception of levying some additional taxes, increasing others, and making some other provisions in this statute, which were not contained in the former statute, such as details about auditing, and what was to be done with the money, etc., this statute is a rescript of the law of 1920, which was in effect, that when the Bus Company took out its license thereunder, the same were good until January 1, 1925. Instead of repealing those specific provisions of the act, it seems that the legislature of 1924, expressly recognized them and brought them forward. In other words, not only does the statute fail to show that the legislature in-

tended that it have a retroactive effect, but clearly shows that the legislature intended it should not have a retroactive effect.

Argued orally by *J. A. Sykes* and *J. T. Prowell,* for appellee.

Holden, P. J., delivered the opinion of the court.

This is an action by F. W. Duckworth, sheriff and tax collector of Harrison county, Miss., against the appellee, the Trackless Transportation Company, to recover for certain privilege licenses to operate busses on its line in Harrison county. The circuit court denied recovery to the sheriff; hence this appeal.

The situation out of which the case grew is, in short, as follows:

The appellee, a transportation company, was operating its bus line, and had paid for and secured privilege license therefor on the 1st of January, 1924, for that year; it paying the amount of privilege taxes according to chapter 120, Laws of 1914, as amended, and chapter 111, Laws of 1920, as amended, and chapter 133, Laws of 1922, which was the law in operation prior to the enactment of chapter 116 of the Laws of 1924, which went into effect April 30, 1924. When the last act became operative, on April 30, 1924, the sheriff undertook to again collect the privilege tax for the operation of the bus line under the last act, which assessed a larger tax than did the act in force January, 1924, under which the appellee had paid its privilege taxes upon its bus line for the entire year of 1924, except as to one bus, the privilege license for which was obtained after April 30, 1924, and it is conceded by the appellee that the privilege tax under the last act of the legislature was due on this one vehicle.

The appellee, transportation company, declined to pay a new privilege tax for the operation of its bus line under the act which went into effect on April 30, 1924, because

it had already paid its privilege tax to carry on the transportation business from the 1st of January, 1924, until the 1st of January, 1925 (except as to the one bus mentioned), and that, as it had paid privilege taxes for the entire year of 1924, the last act, which was effective April 30th of that year, was not applicable to the business of the appellee for the year of 1924.

The opposite view of the sheriff is that, since the legislature had the power to change the rates of privilege taxes at any time, it changed the rate by the act effective April 30, 1924, and that the latter act superseded and annulled the former act, which governed in January, 1924, when the appellee paid its privilege tax for that year.

The precise question, then, is whether or not the act of 1924, which became effective on the 30th of April, was retroactive in its effect, and was intended to annul the privilege license already paid for by appellee, and to require that a new and different tax be paid under the last act for the remainder of the year of 1924, or was the act merely prospective, and intended to apply only to those who applied for privilege license after the date it became effective, April 30, 1924?

We do not think the act (chapter 116, Laws of 1924), which went into effect April 30, 1924, was retroactive in its operation. The act itself expresses no such intention, and the languages does not justify such an implication. Giving a retroactive effect to a statute is not favored, and it will not be done, unless it clearly appears that the legislature so intended. The privilege tax license obtained by the appellee, transportation company, on January 1, 1924, for that entire year, was valid, and was not affected by the subsequent act of April 30th of that year. Therefore the judgment of the lower court is affirmed.

*Affirmed.*